

**U.S. Department of Justice**
*Billy J. Williams*
*Acting United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*     *(503) 727-1000*
*Portland, OR 97204-2902*         *Fax (503) 727-1117*

AUSA Ryan W. Bounds                Desk (503) 727-1141

June 29, 2015

Wayne Mackeson, Esq.
621 SW Morrison Street, Suite 1300
Portland, OR 97205

      Re:    *United States v. Robert Eric Heller,*
            Pre-Indictment Plea Offer

Dear Mr. Mackeson:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charge**:  Defendant will plead guilty to the Information to be filed in this case, enclosed herewith, which charges him with willful failure to file returns and pay excise taxes on the sale of ammunition as required by 27 C.F.R. §§ 53.2(a), 53.151, all in violation of 26 U.S.C. § 7203.

3.    **Penalties**: The maximum sentence for the offense charged in the Information is 1 year's imprisonment, a fine of $100,000 (or up to twice the pecuniary gain from the offense), and 1 year of supervised release, in addition to a mandatory $25 fee assessment.  Defendant agrees to pay the $25 fee assessment by the time of entry of his guilty plea or to explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation and known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Facts/Relevant Conduct**:  Defendant and the USAO agree that, in the course of the offense, which continued from September 30, 2009, through September 30, 2014, (the Relevant Period), in the District or Oregon, defendant manufactured ammunition under the name Heller

Wayne Mackeson, Esq.
Re: *United States v. Robert Eric Heller*
June 29, 2015
Page 2

---

Enterprises and later did so through Heller Enterprises Tactical Inc., a corporation of which he was the sole owner and corporate officer.   Defendant knew that he was required, as the sole owner of the ammunition-manufacturing business, to file returns and pay taxes, including excise taxes on ammunition sales, to the Treasury Department's Alcohol and Tobacco Tax and Trade Bureau (TTB).   During the Relevant Period, defendant sold ammunition for cash at gun shows and willfully failed to file returns and pay the federal excise taxes associated with such sales in violation of 26 U.S.C. § 7203.   As a result, the defendant failed to remit a total of at least $287,500 in taxes to TTB, resulting in an offense level of 18 pursuant to USSG § 2T1.1(a)(1) and § 2T4.1(G).

7.   **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.   If defendant does so, the USAO will recommend a three-level reduction in his offense level.   The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.   **Cooperation with Civil Audit and Prompt Payment of Unpaid Tax**:  Defendant acknowledges that he and HET may be referred, as a result of this investigation, for civil or administrative examination of individual and business returns previously filed and agrees to cooperate in any such examination.   Defendant also agrees to discharge his restitution obligation under Paragraph 10, *infra*, in full within one year of the entry of his guilty plea.

9.   **Downward Variance and Recommendation of Probation**: If defendant enters a timely plea of guilty, accepts responsibility for the offense and prompt payment of restitution, and agrees to cooperate in any civil examination as described in paragraphs 7-8, *supra*, the USAO agrees to recommend a downward variance of four additional levels.   Defendant's adjusted offense level, following such a variance, would be 11, which lies in Zone B of the USSG Sentencing Table. The government will recommend that the Court impose a sentence of five years' probation in accordance with USSG § 5B1.1.

10.   **Restitution**: The recommendations described in paragraphs 7 and 9, *supra*, are conditioned upon defendant's agreement to restitution and compliance with Title 18, United States Code, Section 3664(d)(3) (financial affidavit, Mandatory Victims Restitution Act).

   **A. Disclosure of Financial Information:**   Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party.   Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, to sign that form under penalty of perjury, and to provide it to both the USAO and the United States Probation Office.   Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C.

Wayne Mackeson, Esq.
Re: *United States v. Robert Eric Heller*
June 29, 2015
Page 3

_____

§ 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

**B.   Credit Report:** Defendant expressly authorizes the USAO to obtain a credit report on him.   Defendant agrees to provide waivers, consents, and releases as requested by the USAO to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

**C.   Potential Breach:** Defendant's failure timely and accurately to complete and to execute the financial statement as described in subparagraph A, *supra,* as well as any update thereto, may constitute a failure to accept responsibility under USSG § 3E1.1 and be deemed a material breach of this agreement.

**D. Transfer of Assets:**   Prior to sentencing, defendant agrees to notify the Financial Litigation Unit of the USAO before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

**E. Restitution Amount:** The USAO and defendant agree that the preponderance of evidence supports a finding that TTB's loss resulting from defendant's relevant conduct, and thereby subject to restitution, amounted·to **$287,500**.

**F. Restitution Schedule:**   The Court shall order restitution to TTB in the full amount of its loss as required by law and determined by the Court.   Defendant agrees that, while the Court sets the payment schedule, this schedule may be exceeded whenever defendant's financial circumstances change.   In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

11.   **Additional Departures, Adjustments, or Variances:**

A.    Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.   The basis for any such departure, adjustment, or variance shall be limited to the factors set forth in 18 U.S.C. § 3553.

B.    Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of:   (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.   Such notice must be provided to the government no later than the Tuesday prior to the

Wayne Mackeson, Esq.
Re: *United States v. Robert Eric Heller*
June 29, 2015
Page 4

---

week during which the sentencing hearing is scheduled.   Defendant stipulates that if he fails to
comply with this notice requirement, he will not oppose a government motion for a postponement
of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that:   (1) the sentence imposed exceeds the statutory maximum, (2) the Court arrived
at an advisory sentencing guideline range by applying an upward departure under the provisions of
Guidelines Chapters 4 or 5K, or (3) the Court exercised its discretion under 18 U.S.C. § 3553(a) to
impose a sentence exceeding the advisory guideline sentencing range as determined by the Court
at sentencing.   Should defendant seek an appeal, despite this waiver, the USAO may take any
position on any issue on appeal.   Defendant also waives the right to file any collateral attack,
including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence
on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in
Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

       Defendant expressly agrees that this waiver shall remain effective in the event that the
USAO alters its sentencing recommendation as provided in paragraphs 7 and 9, *supra*, or
defendant breaches this agreement as described in paragraph 15, *infra*.

13.    **Court Not Bound**:   The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind
this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR-writer and
the Court of the facts and law related to defendant's case.   Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to motions
and arguments by the opposition.

15.    **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing (regardless of
whether such offenses result in new criminal charges or revocation of pretrial release), the USAO
is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea
or rescind her waiver of appeal and post-conviction relief, as described in paragraph 12, *supra*.

16.    **Memorialization of Agreement**:   No promises, agreements or conditions other than
those set forth in this agreement will be effective unless memorialized in writing and signed by all
parties listed below or confirmed on the record before the Court.   If defendant accepts this offer,
please sign and attach the original of this letter to the Petition to Enter Plea.

Wayne Mackeson, Esq.
Re: *United States v. Robert Eric Heller*
June 29, 2015
Page 5

17. **Deadline**:   This plea offer expires if not accepted by noon on July 17, 2015.

Sincerely,

BILLY J. WILLIAMS
Acting United States Attorney

*Ryan Wesley Bounds*

RYAN W. BOUNDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms.   I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7-24-15
Date

Robert Eric Heller
Defendant

I am legal counsel for defendant.   I have carefully reviewed and discussed every part of this plea offer with defendant.   To my knowledge defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

7-24-15
Date

Wayne Mackeson, Esq.
Attorney for Defendant